**E-FILED**
Monday, 28 July, 2008  02:03:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GILBERT GORDON,
    Plaintiff,

    vs.                          No. 08-1161

CORRECTIONAL OFFICER BROCKETT,et. al,
    Defendants

MERIT REVIEW AND CASE MANAGEMENT ORDER

       This cause is before the court for a merit review of the plaintiff's complaint.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

       The plaintiff has filed his complaint pursuant to 42 U.S.C. §1983 against four defendants at the Pontiac Correctional Center including Correctional Officer Brockett, Grievance Officer P. Hastings, Warden Joseph Mathy and Counselor R. Flex.   The plaintiff says Officer Brockett has denied him showers on many occasions in violation of his Eighth Amendment rights.   An attached grievance states that the officer has not allowed the plaintiff to take a shower in nearly two months.  The plaintiff says he is suing the other named defendants for failing to take any steps when he told them about the problem.

       "While the Constitution does not require that prisons be comfortable, prison conditions do violate the Constitution where they 'deprive an inmate of a minimal civilized measure of life's necessities.'" *Delaney,* 256 F.3d at 683, *quoting Rhodes v. Chapman,* 452 U.S. 337, 346 (1981).  Therefore, not all prison conditions trigger Eighth Amendment scrutiny.  Only deprivations of basic human needs like food, medical care, sanitation and physical safety can rise to the level of a constitutional violation. *Id.*

       In order to prevail on an Eighth Amendment claim based on living conditions, the plaintiff must show 1) the deprivation suffered was objectively, "sufficiently serious." *Farmer v Brennan,* 511 U.S. 825, 834 (1994); and 2) the defendants were deliberately indifferent to that serious deprivation. *Delaney v. DeTella,* 256 F.3d 679, 683 (7th Cir. 2001).  For the purposes of notice pleading, the court finds the plaintiff has stated a violation of his Eighth Amendment rights.

       The plaintiff has also filed a motion for the appointment of counsel. [d/e 3]  Civil litigants have no federal right to appointed counsel.  The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment.  *Luttrell v. Nickel,* 129 F.3d 933,  936 (7th Cir.1997).  To decide whether counsel should be requested, the court asks,  "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995).   "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell,* 129 F.3d at

936.

Based on the plaintiff's pleadings, he appears competent to represent himself.  In addition, the plaintiff's lawsuit involves one claim that is not complex.

**IT IS THEREFORE ORDERED:**

**1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims: the defendants violated his Eighth Amendment rights based on his living conditions.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**7) The plaintiff's motion for appointment of counsel is denied. [d/e 3]**

Entered this 28th Day of July, 2008.


**s\Harold A. Baker**


_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

2