UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GILBERT GORDON,
   Plaintiff,

vs.                                                                      No. 08-1161

CORRECTIONAL OFFICER BROCKETT, et. al,
   Defendants

## CASE MANGEMENT ORDER

This cause is before the court for consideration of the defendants' motion for summary judgement. [d/e 18]

### I. BACKGROUND

The pro se plaintiff filed his complaint pursuant to 42 U.S.C. §1983 against four defendants at the Pontiac Correctional Center including Correctional Officer Brockett, Grievance Officer P. Hastings, Warden Joseph Mathy and Counselor R. Flex. On July 28, 2008, the court conducted a merit review of the plaintiff's complaint and found that he had alleged the defendants had violated his Eighth Amendment rights based on his living conditions. *See* July 28, 2008 Court Order. Specifically, the plaintiff claimed that Officer Brockett denied him showers on many occasions and in an attached grievance the plaintiff stated he had been denied a shower for nearly two months. The plaintiff said he was suing the other named defendants for failing to take any steps when he told them about the problem.

On October 15, 2008, the defendants filed a motion for summary judgement alleging that the plaintiff had failed to exhaust his administrative remedies. On November 17, 2008, the plaintiff filed an affidavit with the court in response. [d/e 26]. However, the plaintiff also filed a motion asking for more law library time. The court instructed the plaintiff that the only issue before the court was whether the plaintiff had exhausted his administrative remedies and he must provide the court with evidence of any grievances or efforts he had taken to accomplish this requirement. The plaintiff filed one further response clarifying that his affidavit was his entire response. [d/e 30]

### II. FACTS

The plaintiff has attached a copy if a grievance to his complaint in this case, Grievance No. 47196. The grievance was filed on February 12, 2008, and the plaintiff complains that Defendant Brockett has not allowed him to take a shower. The counselor denied the plaintiff's grievance on March 4, 2008 stating that the plaintiff had refused to come out of his cell. The Grievance Officer also denied the grievance on April 2, 2008 and the Warden concurred on June 4, 2008.

1

The bottom of the grievance states that the grievance must be appeal to the Administrative Review Board (herein ARB) within 30 days.  There is a signature line for the inmate to sign and date indicating that he wishes to appeal.  The line is blank on the plaintiff's grievance.

Jackie Miller states that she is the Chairperson of the Office of Inmate Issues and the ARB Chairperson.  Miller says she has been shown a copy of Grievance No. 47196, and has searched the records of the ARB for an appeal.  Miller states that the records demonstrate that the plaintiff "did not appeal the denial" of his grievance and "did not file any other grievance in accordance with department rule 504, regarding Correctional Officer Jason Brockett not allowing him to take a shower at Pontiac Correctional Center." (Def. Memo, Miller Aff, p. 3)

## III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 569c.  Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).  The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000).  A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added).  Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991).  "But the inferences and opinions must be grounded in observation or other first-hand personal experience.  They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

## IV.  ANALYSIS

The defendants argue that the plaintiff has failed to demonstrate that he has exhausted his administrative remedies as required before filing his lawsuit. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002) If he fails to do so, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Id.*

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e et seq. ("the PLRA"), does not define "availability" for purposes of the exhaustion requirement. Nonetheless, it is clear that a plaintiff's claims cannot be dismissed if "prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809-10 (7th Cir.2006). In addition, any factual dispute concerning the exhaustion of administrative remedies must be resolved by the court, not a jury. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir.2008).

The plaintiff says he sent his grievance to the ARB in Springfield, but '[w]hat happened to it after that, I don't know." (Plain. Aff., p. 1) The plaintiff says he has never heard back from them. The plaintiff provides no further evidence.

The grievance the plaintiff submitted does not have his signature requesting that it be appealed to the ARB. The plaintiff has also not provided any evidence that he requested for any piece of mail to be mailed to Springfield during this time frame. And obviously, the plaintiff does not have a response from the ARB. The plaintiff has simply not presented any credible evidence that he has exhausted his administrative remedies as required. The motion for summary judgement is granted.

**ITS IS THEREFORE ORDERED that:**

**1) The defendant's motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 18]   The clerk of the court is directed to enter judgment in favor of the defendant in accordance with this order. The parties are to bear their own costs. This case is terminated without prejudice.**

**2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)©. If the plaintiff does**

choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).

3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.

4) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such a change.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.

5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

Entered this 23rd day of March, 2009.


                              s\Harold A. Baker

       _____
                   HAROLD A. BAKER
              UNITED STATES DISTRICT JUDGE